IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff*,<br><br>v.<br><br>MATTHEW SLUSS,<br>   *Defendant*. | Criminal No. ELH-11-0236 |

**MEMORANDUM**

On August 20, 2015, Matthew Sluss filed a "Motion For Modification Of Supervised Release Conditions Pursuant to 18 U.S.C.A. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c)" ("Motion"). ECF 94. The government has filed an Opposition (ECF 96), to which Mr. Sluss has replied. ECF 97. No hearing is necessary to resolve the Motion.[1] For the reasons that follow, I shall deny the Motion.

**I. Procedural Background**

This case began on September 16, 2010, with the filing of a criminal complaint charging the defendant with distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2256. ECF 1. A one-count Information (ECF 19) was filed on April 26, 2011, charging Sluss with advertising child pornography between September 4, 2010 and September 14, 2010, in violation of 18 U.S.C. §§ 2251(d) and (e).

The defendant signed a plea agreement on March 24, 2011. *See* ECF 23. On June 8, 2011, Mr. Sluss tendered a guilty plea, pursuant to Fed. R. Crim. P. 11(c)(1)(C). ECF 21; *see*

---

[1] Rule 32.1(c)(1) provides that the court must hold a hearing "[b]efore modifying the conditions of . . . supervised release. . . ." I need not hold a hearing because I am not modifying the conditions. In any event, Mr. Sluss states that he "waives" his right to a hearing under Fed. R. Crim. P. 32.1(c)(2). ECF 94 at 3.

*also* ECF 44 (transcript of proceedings held on June 8, 2011). Paragraph 11 of the plea agreement provided that the parties agreed to a sentence of 35 years' incarceration, along with a period of supervised release for life. ECF 23.

On August 23, 2011, Mr. Sluss, who was then represented by retained counsel, filed a *pro se* motion to withdraw his guilty plea. ECF 30. Then, on August 24, 2011, the parties submitted an "Amendment To Plea Agreement" (ECF 31), signed by the defendant on August 12, 2011, *i.e.*, prior to the submissions of ECF 30.[2] Under the Amendment, the plea agreement remained a "C plea," and it retained the agreement for a period of lifetime supervision. *See* ECF 31. However, the agreed upon sentence was reduced from 35 years to 33 years.

Thereafter, Mr. Sluss's attorney sought to withdraw as counsel; new counsel was appointed for Mr. Sluss. *See*, *e.g.*, ECF 35, 36, 37, 38, 39, 40, 49. As a result, the sentencing date was postponed. ECF 50.

In the interim, and through his new lawyer, Mr. Sluss again moved to withdraw his plea of guilty. ECF 56. As a result, the Court held a motion hearing on February 3, 2012 and February 17, 2012, at which evidence was presented and arguments were heard. ECF 69, ECF 72. I denied the motion by Order of February 17, 2012. ECF 73.

Sentencing was held on March 9, 2012 (ECF 84). The Court accepted the C plea and sentenced the defendant consistent with its term, *i.e.*, to a sentence of 33 years' imprisonment and supervised release for life. Judgment was entered on March 15, 2012, and reflected imposition of a period of imprisonment of 396 months, along with a period of supervised release for life. *See* ECF 86, ECF 87.

---

[2] ECF 31 was again docketed on March 12, 2012. *See* ECF 85.

## II. The Motion

On August 20, 2015, the defendant, who is self-represented, filed his Motion, requesting that the Court rescind all but 72 hours of the lifetime term of supervised release. ECF 94 at 4. Sluss states that he has attempted to renounce his United States citizenship, under 8 U.S.C. § 1481(a)(6), with the intention of moving to Canada, the place of his birth. ECF 94. He explains that, "as a stipulation of Sluss's supervised release, [he] would not be permitted to leave the jurisdiction of his parole and probation office for a period of 'life', without their express permission." ECF 94 at 2. Thus, Sluss maintains that the term of lifetime supervised release "could effectively restrict Sluss from ever visiting or living in Canada at any point in his future." *Id.* at 3. Noting that he was born in Canada, Sluss contends that such a restriction is unjust. In his view, the Court should "allow him to leave the United States upon his eventual release" from prison. *Id.* at 3. Therefore, under 18 U.S.C. § 3583(e)(2) and F. R. Crim. P. 32.1(c), Sluss seeks a modification of the length of his supervised release, to reduce it from life to 72 hours.

In its Opposition, the government posits that this Court lacks authority to terminate or change the length of the term of supervised release. ECF 96 at 2. It contends, *inter* alia, that Fed. R. Crim. P. 32.1(c), cited by Sluss, "applies only to the *conditions* of supervised release, and not to the duration of the term imposed." ECF 96 at 2 (emphasis in ECF 96). Similarly, the government argues that 18 U.S.C. § 3583(e)(2) allows the court to modify the *conditions* of release, but does not permit the court to reduce the length of the term. *Id.* In addition, the government contends that, even if the Court has such authority, the term of lifetime supervision is appropriate under 18 U.S.C. § 3553(a). *Id.*

In his Reply, Sluss reiterates that he seeks a period of 72 hours "in order to leave the United States with the intent to renounce his United States Citizenship." ECF 97 at 2. He claims

that he is entitled to "live his life entirely and only in the country where he was born, leaving behind the country where he will have no family and no social contacts, and serious impediments to [his] well being." ECF 97 at 2.

Section 3583(e)(1) of Title 18 of the United States Code provides, *inter alia*, that a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release. . . ." This section is inapplicable here, on its face. Section 3583(e)(2) provides, *inter alia*, that the court "may modify, reduce, or enlarge the *conditions* of supervised release, at any time prior to the expiration . . . of the term of supervised release," pursuant to the Federal Rules of Criminal Procedure relating to modification of post-release supervision. (Emphasis added.) Fed. R. Crim. P. 32.1(a) and (b) generally concern the procedures that apply when a defendant is charged with a violation of supervised release. These provisions are not applicable, because Sluss has not been charged with such a violation. Rule 32.1(c) pertains to the modification of *conditions* of supervised release.

Mr. Sluss is presently serving a 33 year sentence, for which his detention began in September 2010. Thus, he has a long sentence of incarceration yet to serve. Therefore, even if the Court has the authority to grant Mr. Sluss's request, I would not do so at this time, because the defendant's Motion is premature.

I recognize that, upon his release, the defendant wants to return to Canada, the country of his birth. Perhaps the day may come when the probation office, the prosecution, the court, and Canada agree to such a request. But, the reasons for which I imposed a period of lifetime supervised release were based on my consideration of the factors in 18 U.S.C. § 3553(a), and nothing has yet changed so as to warrant a reduction in the defendant's term of supervised release.

For all of these reasons, the defendant's Motion is DENIED, without prejudice to the right to renew the Motion at a later date.

An Order follows.

Date: October 9, 2015 /s/
Ellen L. Hollander
United States District Judge